Giovanni Orantes, State Bar No. 190060
**THE ORANTES LAW FIRM, P.C.**
3435 Wilshire Blvd., Suite 2920
Los Angeles, CA 90010
Telephone: (213) 389-4362
Facsimile: (877) 789-5776
go@gobklaw.com

[Proposed] Insolvency Counsel for
Debtor and Debtor-In-Possession

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA – SAN FERNANDO VALLEY DIVISION

| | |
|---|---|
| In re<br><br>REAL ESTATE SHORT SALES, INC.,<br><br>    Debtor and<br>    Debtor-in-Possession. | Case No. 1:16-bk-11387-GM<br><br>Chapter 11 Proceeding<br><br>**DEBTOR'S OPPOSITION TO MOTION FOR RELIEF FROM THE AUTOMATIC STAY UNDER 11 U.S.C. § 362 (ACTION IN NONBANKRUPTCY FORUM)**<br><br>**HEARING DATE**<br>DATE:    August 30, 2016<br>TIME:    10:00 A.M.<br>PLACE:  Courtroom 303<br>            United States Bankruptcy Court<br>            21041 Burbank Blvd.<br>            Woodland Hills, CA 91367 |

**TO THE HONORABLE GERALDINE MUND, UNITED STATES BANKRUPTCY JUDGE, THE OFFICE OF THE UNITED STATES TRUSTEE, AND PARTIES IN INTEREST:**

Comes now, Real Estate Short Sales, Inc., the Debtor and Debtor-In-Possession, (the "Debtor") in Opposition to that Motion for Relief from the Automatic Stay Under 11 U.S.C. § 362 (the "Motion") filed by Select Portfolio Servicing, Inc. (Docket No. 31) ("Movants") and state as follows:

**I.    THE NONBANKRUPTCY ACTION.**

The Motion relates to the Nonbankruptcy Action entitled *Julio C. Molica & Nancy Cueva v. Select Portfolio Servicing, Inc.*, case number 2: 15-cv-09759-GW-FFM pending in the U.S. District Court, Central District of California (the "Action"). Movant does not explain what this Action entails and instead attaches as exhibits copious pages of pleadings. <u>The Movant is asking the Court to do its work for it and has utterly failed to carry its burden as a result thereof.</u>

After searching through the pleadings, at pages 187 and 188 of 234 you can divine that the Action relates to a dispute involving a complaint by Julio Molica and Nancy Cueva and a counterclaim by Movant over hazard insurance proceeds for reimbursement or payment of repairs for flood damage to the estate's major real property 10351 Oklahoma Avenue, Chatsworth, CA 91311 – the "Property"). If you review page 230 of 234, you can see that the Action was supposed to go to Court ordered mediation before the present bankruptcy case was filed. In sum, the Action is a dispute by plaintiffs/counterdefendants and defendants/counterclaimants over property of this estate in violation of the automatic stay by both sides as such dispute should be adjudicated by this Court under its <u>exclusive jurisdiction</u> over estate property pursuant to Section 1334 of Title 28 of the United States Code. The right to proceeds arose from the fact that the Property sustained damage due to flooding in or about July of 2015 (the "Insurable Loss"). Due to the damage caused by the Insurable Loss, State Farm issued four insurance checks (the "Checks") made jointly payable to Cueva and SPS, including: (i) a check dated August 28, 2015, in the amount of $395.00; (ii) a check dated September 11, 2015, in the amount of $1,380.00; (iii) a check dated November 3, 2015, in the amount of $24,547.25; and (iv) a check dated December 7,

2015, in the amount of $38,784.49. Nancy Cueva is in possession of the Checks. Despite SPS's demand, Cueva has refused to endorse and deliver the Checks to SPS.

It should be noted that the Debtor intends to sell the real property involved in the Action, which requires that the rightful lienholders be paid in full; however, the Property will not achieve an adequate sales price until, at the least, the flood damage, has been repaired.  In addition, the delay in funding and finishing such insured repairs has decreased, if not eliminated altogether, the ability to rent the Property for movie shootings while the Property is sold.

## II.    Relief From Stay Should Not Be Granted Unless "Cause" Exists

*(1) The Automatic Stay Is Important and Necessary*

Section 362(a)(1) of the Bankruptcy Code operates as a stay, "applicable to all entities," of the commencement . . . of a judicial . . . proceeding against the debtor that was or could have been commenced before the commencement of the case . . . or to recover a claim against the debtor that arose before the commencement of the case under this title. Similarly, section 362(a)(3) stays "any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate." 11 U.S.C. § 362(a)(3). In addition, under section 362(a)(6), "any act to collect, assess, or recover a claim against the debtor that arose before the commencement of the case" is stayed. 11 U.S.C. § 362(a)(6).

The stay under section 362(a) has been described as the "single most important protection" afforded to debtors by the Bankruptcy Code. It gives the debtor a breathing spell from creditors and halts foreclosure actions, collection efforts, and creditor harassment. H.R. Rep. No. 595, 95th Cong., 1st Sess. 340 to 42 (1977). See also *ACandS, Inc. v. Travelers Cas. & Sur. Co.*, 435 F.3d 252, 259 (3d Cir. 2006) (quoting *In Re Cavanaugh*, 271 B.R. 414, 424 (Bankr. D. Mass. 2001). As noted in In re *Santa Clara Fair Ass'n, Inc.,* 180 B.R. 564 (9th Cir. BAP 1995), "[t]he automatic stay of section 362 serves two goals. It prevents the diminution or dissipation of the bankruptcy estate and enables the debtor to avoid the multiplicity of claims arising against the estate in different forums." *Id*. at 566.

The automatic stay promotes the goal of equality of distribution by preventing a piecemeal dismemberment of the bankruptcy estate, while assuring that a debtor in possession has an

opportunity to use property necessary for an effective reorganization. *Truebro, Inc. v. Plumberex Specialty Products, Inc.* (*In re Plumberex Specialty Products, Inc.*), 311 B.R. 551, 556 (C.D. Ca. 2004).

"The purpose of the automatic stay is to preserve what remains of the debtor's insolvent estate and to provide a systematic equitable liquidation procedure for all creditors, secured as well as unsecured, H.R.Rep.No.595, 95th Cong., 1st Sess. 340 (1977), reprinted in (1978) U.S. Code Cong. & Ad. News 6296-97, thereby preventing a 'chaotic and uncontrolled scramble for the debtor's assets in a variety of uncoordinated proceedings in different courts.' *In re Frigitemp Corp.*, 8 B.R. 284, 289 (D.C.S.D. N.Y. 1981) citing *Fidelity Mortgage Investors v. Camelia Builders, Inc.*, 550 F. 2d 47, 55 (2d Cir. 1976), cert. denied, 429 U.S. 1093, 97 S. Ct. 1107, 51 L.Ed. 2d 540 (1977)." *Matter of Holtkamp*, 669 F. 2d 505, 508-509 (7th Cir. 1982). Understandably, the Debtor similarly hopes to avoid defending uncoordinated proceedings in different courts and the uncontrolled chaos they could cause.

(2) The Moving Party Must Show "Cause" to Lift The Stay

Section 362(d) provides, in pertinent part:
> (d)   On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay--
> (1) for cause, including the lack of adequate protection of an interest in property of such party in interest,... 11 U.S.C. § 362(d)(1) (emphasis added).

Thus, section 362(d)(1) directs the court to grant relief from the automatic stay upon a showing of "cause." As noted in *Plumberex*, courts in the Ninth Circuit have granted relief from the stay under § 362(d)(1) "when necessary to permit pending litigation to be concluded in another forum if the non-bankruptcy suit involves multiple parties or is ready for trial." *Id*. at 556-57. See, e.g., *Christensen v. Tucson Estates, Inc. (In re Tucson Estates, Inc.),* 912 F.2d 1162, 1166 (9th Cir. 1990) (stating that "[w]here a bankruptcy court may abstain from deciding issues in favor of an imminent state court trial involving the same issues, cause may exist for lifting the stay as to the state court trial"). Of course, as a threshold matter, here although the nonbankruptcy Action was pending before the bankruptcy filing, the question is now whether the Movant is entitled to have a

different court adjudicate who is entitled to proceeds of hazard insurance that should be used to enhance the value of the Property for the benefit of all the creditors and parties in interest of the estate, including the Movant.  That should be adjudicated by this Court as it is a core proceeding, especially since, as the plaintiffs in the Action declared in opposition to relief from stay, they consent to the jurisdiction of this court to adjudicate the Action.  Since the Debtor is not currently a party in such Action, however, the Debtor needs to file its own action in this Court.

### a. The Burden To Show "Cause" Lies With the Moving Party

The *Plumberex* case involved a motion by a judgment creditor for relief from stay for permission to initiate contempt proceedings in a non-bankruptcy forum against the chapter 11 debtor. In denying the motion, the court held that (1) the creditor had the burden of proving why the stay should be lifted, (2) the creditor failed to show cause why the stay should be lifted and (3) the court was required to deny the motion for relief from stay because the creditor had failed to satisfy its burden. In reaching this conclusion, the Court cited the seminal case of *Sonnax Indus., Inc. v. Tri Component Prods. Corp. (In re Sonnax Indus., Inc.),* 907 F.2d 1280, 1285 (2nd Cir. 1990) and noted that the burden of proof on a motion to modify the automatic stay is a shifting one: "[t]o obtain relief from the automatic stay, the party seeking relief must first establish a prima facie case that 'cause' exists for relief under § 362(d)(1). … If the movant fails to meet its initial burden to demonstrate cause, relief from the automatic stay should be denied." *Plumberex* at 557.

### b. Relevant Factors To Be Considered in Determining Whether Cause Exists.

Courts have identified a number of factors relevant to determining whether the stay should be lifted to allow a creditor to continue a pending litigation in a non-bankruptcy forum. *See In re Johnson*, 115 B.R. 634, 636 (Bankr. D. Minn. 1989) (articulating a seven-part test); *In re Curtis*, 40 B.R. 795, 799-800 (Bankr. D. Utah 1984) (articulating a twelve-part test). Among the factors to be considered by the courts are the following: (1) whether insurance coverage with a duty of defense is available to the debtor or the estate, or conversely, whether the conduct of the defense will impose a financial burden on the debtor or the estate; (2) the lack of any connection with or interference with the bankruptcy case; (3) whether the state-court litigation has progressed to trial-readiness, with the likelihood that investment of resources in trial preparation would be wasted if

1 trial were deferred; (4) whether the litigation in another forum would prejudice the interests of
2 other creditors, the creditors' committee and other interested parties; and (5) the interests of
3 judicial economy and the expeditious and economical determination of litigation for the parties.
4 Noting the Second Circuit's holding in *Sonnax*, the Court in *Plumberex* found that not all of the
5 factors to be considered are relevant in every case, nor is the court required to give each factor
6 equal weight. *Plumberex* at 560. In essence, the *Plumberex* case condenses the jurisprudence from
7 a number of circuits, including the Ninth Circuit, and lays out a road map for determining whether
8 the automatic stay should be lifted.

### c. The Movant Has Not Shown Any "Cause"

By its Motion, the Movant ignore the fact that the Nonbankruptcy Action over the Park is a "core" proceeding. Furthermore, the Movant has not established a *prima facie* case that cause exists for relief under section 362 by slapping hundreds of pages of pleadings without explaining how it carries its burden in the Motion. In fact, based upon the factors enumerated above, the Movant cannot possibly meet its burden of establishing that the stay should be lifted.

First and foremost, the vast majority of cases in which the stay has been lifted involve a prior pending lawsuit in a non-bankruptcy forum against the Debtor. Here, the dispute is among parties all of whom are violating the automatic stay by making a grab for an estate asset.

Second, the question of whether insurance coverage with a duty of defense is available to the Debtor or the estate (or conversely, whether the conduct of the defense will impose a financial burden on the Debtor or the estate) weighs in favor of the Debtor. There is no coverage under the Debtor's insurance to pay for the defense of the Action, especially as the Debtor is not a party and intends to prosecute an action for turnover of such estate property in this Court.

Second, the connection with or interference with the bankruptcy case also weighs against a finding of cause. By definition, the Movant's attempt to have a different court adjudicate that it or the plaintiffs/counterdefendants have a right to proceeds intended to fix the estate's Property interferes with this pending case.

Third, the Action is nowhere near conclusion. Accordingly, there is no risk that litigation resources will be wasted if the stay is not lifted at this time.

1  Fourth, continuing to prosecute such Litigation would prejudice the interests of other creditors and other interested parties. Monies spent litigating in outside this forum or unwinding the ruling of such forum inevitably not be returned to creditors. This factor, too, militates against a finding of cause for relief from stay.

Finally, the interests of judicial economy and the expeditious and economical determination of litigation require adherence to the constructs of the Bankruptcy Code. There is no cause for relief from stay.

### III.    CONCLUSION

Based upon the foregoing, the Debtor respectfully requests that the Court deny the Motion.

DATED: August 25, 2016

By: /s/ Giovanni Orantes
Giovanni Orantes, Esq.
[Proposed] General Insolvency Counsel for
Debtor and Debtor-in-Possession